IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, a/s/o Frenvey, Inc. and
Harvey and Patricia Boris, d/b/a
Foodland, a Florida corporation,

        Plaintiffs,

vs.                            CASE NO.: 4:04cv371-SPM/AK

A.O. SMITH CORPORATION,
a Delaware corporation,

        Defendants.

_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

      This cause comes before the Court on Defendant A.O. Smith

Corporation's Motion for Summary Judgment.  At issue is whether a strict product

liability action can be maintained when a product is not used as intended.

**I.    Background**

      This case involves an accidental fire at an IGA grocery store on December

10, 2001 in Carrabelle, Florida.  Harvey and Patricia Boris operated the grocery

store in a building leased from Frenvey, Inc.  Liberty Mutual Fire Insurance

Company (Liberty Mutual) provided insurance to Frenvey.

      The fire damaged the building and contents of the store, and caused

business losses.  Liberty Mutual paid Frenvey insurance proceeds for the fire

damage.  Liberty Mutual, as the subrogee of Frenvey, has sued A.O. Smith

Corporation (A.O. Smith), claiming strict product liability based on the

manufacture of a motor that Liberty Mutual contends caused the fire.

A.O. Smith is a manufacturer of custom motors.  Each motor that A.O.

Smith manufactures is designed for a particular customer and for a specific use.

After A.O. Smith manufactures the motor, it is safety tested by United

Laboratories (UL) to ensure that there are proper spacings in the motor, that

there is a good insulation system, and that clearances are proper.

A.O. Smith manufactured the motor involved in this case (subject motor)

for its customer, Waterbury Companies, Inc. (Waterbury).  The subject motor was

custom designed pursuant to Waterbury's specifications for use in an air

freshener that Waterbury manufactured.  After leaving the possession and

control of A.O. Smith, an unknown individual or individuals altered the subject

motor and installed it in a Broan-NuTone bathroom exhaust fan in the men's

bathroom at the IGA store.  The subject motor was not UL tested or UL listed for

use in the Broan-NuTone exhaust fan.

The subject motor was about half as powerful as the motor that was

designed to be used in the Broan-NuTone bathroom exhaust fan.  Its stack and

motor windings were smaller.  Furthermore, the subject motor was not originally

equipped with a plug to connect it with an electrical outlet, requiring alteration of

the subject motor to connect the fan to an electrical supply source.  Neither A.O.

Smith nor Broan intended for the subject motor to be used in the Broan-NuTone

exhaust fan.

## II.    Discussion

Florida has adopted the standard of the Restatement (Second) of Torts §

402A[1] in defining strict product liability.  West v. Caterpillar Tractor Co., 336

So.2d 80, 87 (Fla. 1976).  Under the standard, a plaintiff must allege and prove

(1) the manufacturer's relationship to the product, (2) a defective and

unreasonably dangerous condition in the product, and (3) a proximate causal

connection between the defect and the plaintiff's injury.  Id.

In establishing the manufacturer's relationship to the product, section

402A contains an important qualification: the product must "reach the consumer

without substantial change in the condition which it is sold." Restatement

(Second) of Torts § 402A.  Indeed, strict liability is justified because "[t]he

manufacturer, by placing on the market a potentially dangerous product for use

---

[1]  Section 402A states in relevant part:
 1) One who sells any product in a defective condition unreasonably dangerous
to the user or consumer or to his property is subject to liability for physical harm
thereby caused to the ultimate user or consumer, or to his property, if
    (a) the seller is engaged in the business of selling such a product, and
    (b) it is expected to and does reach the user or consumer without substantial
change in the condition in which it is sold.
(2) The rule stated in Subsection (1) applies although
    (a) the seller has exercised all possible care in the preparation and sale of his
product, and
    (b) the user or consumer has not bought the product from or entered into any
contractual relation with the seller.

and consumption and by inducement and promotion encouraging the use of these products, thereby undertakes a ceratin and special duty toward the consuming public who may be injured by it." West, 336 So. 2d at 86. "In today's world it is often only the manufacturer who can fairly be said to know and understand when an article is suitably designed and made for its intended purpose." Id. at 88.

Consequently, the Florida Supreme Court has held that as a conduction of applying strict liability, the product at issue "must have been used for the purpose intended." High v. Westinghouse Elec. Corp., 610 So.2d 1259, 1262 (Fla. 1992). Furthermore, "[t]he manufacturer is not strictly liable for injuries incurred when [a product is misused], even if such [mis]use was reasonably foreseeable by [the manufacturer]." Jennings v. BIC Corp., 181 F.3d 1250, 1256 (11th Cir. 1999)

A dissenting view would have expanded the scope of liability to include "unintended uses of a product if they were reasonably foreseeable." High, 610 So. 2d at 1263 (Barkett, J., dissenting). Even the dissent recognized, however, that an unforeseeable misuse may defeat a strict liability cause of action. Id.

In this case, the subject motor was not used as intended. Nor was the misuse foreseeable. The subject motor was removed from the air freshener, for which it was designed, and placed in a bathroom exhaust fan, for which it was not designed. In the process, the subject motor was substantially altered. Under the circumstances, as a matter of law A.O. Smith cannot be held strictly liable for

the subject motor.  Accordingly, it is

ORDERED AND ADJUDGED:

1.      A.O. Smith's Motion for Summary Judgment (doc. 60) is granted. The Clerk shall enter judgment in favor of Defendant A.O. Smith.  The plaintiffs shall take nothing by this action.

2.      Defendant A.O. Smith's motion for leave to file a reply (doc. 79) is denied.

3.      Liberty Mutual's motion to strike reply (doc. 83) is denied as moot.

4.      Liberty Mutual's motion for oral argument (doc. 86) is denied.

5.      Liberty Mutual's motion to strike affidavit (doc. 71) is denied.

6.      A.O. Smith's motion to strike portions of affidavit (doc. 75) is denied.

7.      Liberty Mutual's motion to strike witnesses or limit testimony at trial (doc. 67) is denied as moot.

8.      A.O. Smith's motions in limine (docs. 109, 110, and 111) are denied as moot.

DONE AND ORDERED this 31st day of March, 2006.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge